**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41108**

| | | |
|---|---|---|
| **EUGENE RAY COBELL,** | ) | **2014 Unpublished Opinion No. 604** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: July 2, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael E. Wetherell, District Judge.

Order of the district court summarily dismissing successive post-conviction petition, <u>affirmed</u>.

Eugene R. Cobell, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Eugene Ray Cobell appeals from the district court's summary dismissal of his successive petition for post-conviction relief.

**I.**

**FACTUAL AND PROCEDURAL HISTORY**

Cobell was convicted by a jury of rape, Idaho Code § 18-6101, and forcible sexual penetration by use of a foreign object, I.C. § 18-6608.  He was sentenced to a unified life term with ten years determinate for each charge.  Cobell directly appealed and his convictions and sentences were affirmed.

Cobell filed a petition for post-conviction relief and a motion for appointment of counsel. The district court denied his motion and dismissed his petition.  He did not appeal the denial of his motion for appointment of counsel or the dismissal of his petition.

1

Subsequently, Cobell filed a successive pro se petition for post-conviction relief.[1] Cobell asserted that he was impotent and that trial counsel was ineffective in investigating and presenting evidence of such to establish his innocence. The State moved to dismiss the successive petition, arguing that Cobell failed to allege any reason why his claims were not raised in his original petition. After giving notice, the district court granted summary dismissal. Cobell appealed, and this Court vacated the district court's judgment summarily dismissing Cobell's successive petition because it found the notice to dismiss was inadequate and the case was remanded back to the district court for further proceedings. *Cobell v. State*, Docket No. 39321 (Ct. App. March 14, 2013) (unpublished).

Thereafter, the district court appointed counsel to represent Cobell and issued a more specific notice of intent to dismiss stating that the petition would be dismissed unless Cobell showed a sufficient reason why the claims contained in his successive petition were not raised in his initial petition. Cobell filed a response and objection to the district court's notice of intent to dismiss, arguing the failure to raise the issues in his initial petition was due to ineffective assistance of prior post-conviction counsel, or alternatively, the district court's decision not to appoint counsel to assist in his original petition led to his failure to raise the allegations in his initial petition. Again, the district court summarily dismissed Cobell's successive petition for failing to provide a sufficient reason that would allow him to file a successive petition.

Cobell, appearing pro se,[2] timely appeals.

## II.

## ANALYSIS

The district court summarily dismissed Cobell's successive petition following remand, concluding Cobell had failed to provide a sufficient reason that would allow him to file a successive petition. Idaho Code § 19-4908 sets forth the parameters for filing successive petitions. It provides:

[1] The successive petition was actually styled as a request for prefiling review and an order to allow filing of the successive petition. The district court and this Court, on the prior appeal, treated it as a successive petition. Cobell now claims that it should have been treated as a motion to file. However, either way, the sufficiency of the allegations to permit a successive petition is being reviewed.

[2] The district court appointed counsel to represent Cobell on matters related to the appeal; however, the SAPD's request to withdraw was granted.

All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

The district court dismissed the successive petition as failing to satisfy the criteria for successive petitions as set forth in I.C. § 19-4908, namely, failing to set forth sufficient reason why the claims were not previously asserted.

In his objection to the court's notice of intent to dismiss upon remittitur, Cobell (through his counsel) argued that Idaho law supports the position that ineffective assistance of prior post-conviction counsel may provide sufficient reason for permitting newly asserted allegations or allegations inadequately raised in the initial petition to be raised in a subsequent petition. Cobell states he is "in the rather awkward position of claiming ineffective assistance of counsel in his successive petition as to himself, since his request for appointed counsel was denied." Because Cobell was not represented by counsel when he filed his initial petition, he cannot argue that ineffective assistance of counsel prevented him from raising the issues in his initial petition.

Cobell appears to make the alternative argument that I.C. § 19-4908 allows him to file a successive petition due to the district court's decision to deny him post-conviction counsel in regard to the first petition. He asserts this decision was erroneous and is the reason he failed to raise issues in his original petition. Idaho Code § 19-852 allows an indigent person to be represented by an attorney "in any other post-conviction or post-commitment proceeding that the attorney or the indigent person considers appropriate, *unless the court in which the proceeding is brought determines that it is* not a proceeding that a reasonable person with adequate means would be willing to bring at his own expense and is therefore *a frivolous proceeding*." (Emphasis added.) Cobell argues he is indigent and lacks legal training. Therefore, the district court's refusal to grant him counsel, incident to the first petition, caused his failure to assert his present claim, presuming counsel would have done so. However, in its decision to deny appointment of counsel, the district court specifically noted that while Cobell was indigent and lacked legal training, its denial of counsel was based on the finding that his claims were "plainly frivolous and could not be developed into viability even with the assistance of counsel." The

3

district court added that a "frivolous claim is frivolous whether it is stated by a *pro se* litigant or his attorney." Cobell did not appeal the district court's decision to deny appointment of counsel as to the first petition. In addition, Cobell makes no argument that he was unaware of the facts regarding his impotence defense before his first petition. The ineffectiveness of defense counsel in failing to investigate and present the claim should reasonably have been known upon its occurrence. *See Rhoades v. State*, 148 Idaho 247, 253, 220 P.3d 1066, 1072 (2009).

In sum, Cobell cannot argue he received ineffective assistance of prior post-conviction counsel since he was not appointed counsel to assist in his initial petition. Additionally, he fails to show how the absence of counsel in his previous petition prevented him from raising the claims in his present petition. The district court correctly found that Cobell failed to establish sufficient reason to file a successive petition and therefore, the summary dismissal is affirmed.

## III.

## CONCLUSION

Cobell failed to show that summary dismissal of his successive petition was erroneous. Therefore, the district court's order summarily dismissing his successive petition is affirmed.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**